UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:23-cv-000757-FDW

| | |
|---|---|
| TONY CHAVIS,<br><br>    Claimant,<br><br>vs.<br><br>MARTIN O'MALLEY,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | ORDER |

THIS MATTER is before the Court on Claimant Tony Chavis ("**Claimant**") Brief in Support of his Social Security Appeal, (Doc. No. 6), filed on February 15, 2024. This matter has been fully briefed, (Doc. Nos. 6, 8, 9), and is ripe for ruling. For reasons set forth below, the Commissioner's decision is **AFFIRMED**.

For the reasons set forth, Claimant's Brief in Support of his Social Security Appeal (Doc. No. 6) is **DENIED**. Accordingly, the Commissioner's decision is **AFFIRMED**.

## I. BACKGROUND

On October 14, 2021, Claimant filed both a Title II application for a period of disability and disability insurance benefits alleging disability beginning August 6, 2020. (Tr. 17.) Both of Claimant's applications were denied initially on December 22, 2021, and upon reconsideration on September 13, 2022. (Id.) As a result, Claimant requested a hearing by an Administrative Law Judge ("**ALJ**"). On March 28, 2023, the ALJ held a telephone hearing due to the circumstances of

1

the Coronavirus Disease 2019 (COVID-19) Pandemic. On April 26, 2023, the ALJ issued an unfavorable decision finding Claimant not disabled under the Social Security Act. (Tr. 17, 18, 30.)

Pursuant to 20 C.F.R. § 404.1520(a), the ALJ used a five-step sequential evaluation process for determining whether an individual is disabled under the Social Security Act. At step one, the ALJ found Claimant has not engaged in substantial gainful activity since August 6, 2020, the alleged onset date. (Tr. 19.) At step two, the ALJ found Claimant to have the following severe impairments: "right shoulder tendon tears, hypertension, coronary artery disease/status post stenting, and iron deficiency anemia." (Id.) Then, at step three, the ALJ found Claimant had "mild limitation[s]" in "interacting with others;" and "concentrating, persisting, or maintaining pace." (Tr. 20, 21.) The ALJ also found Claimant had "no limitation" in "understanding, remembering, or applying information;" and "adapting or managing oneself." (Tr. 20.) The ALJ determined none of Claimant's impairments, nor any combination thereof, met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 22.) Before proceeding to step four, the ALJ found:

> Because [Claimant's] medically determinable mental impairments cause no more than "mild" limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, they are non severe (20 CFR 404.1520a(d)(1)).

(Tr. 22, 23.) At step four, the ALJ found Claimant was able to perform "light work as defined in 20 CFR 404.1567(b) except he can occasionally stoop and frequently reach overhead with the right dominant arm." (Id.)

At step five, the ALJ compared Claimant's residual functioning capacity ("**RFC**") with the physical and mental demands of Claimant's past work. (Tr. 30.) The vocational expert ("**VE**") testified Claimant is able to perform the requirements of his past relevant work including:

mortgage clerk (DOT 249.362-014, SVP 5), customer service representative (DOT 205.362-014, SVP 5), customer complaint clerk (DOT 241.367-014, SVP 5), automobile salesperson (DOT 273.353-010, SVP 6), administrative clerk (DOT 219.362-010, SVP 4), and sales representative (DOT 274.357-014, SVP 5) (Id.) The ALJ then concluded Claimant was not disabled as defined by the Social Security Act from August 6, 2020, through the date of the ALJ's decision, April 26, 2023. (Id.)

The Appeals Council denied Claimant's request for review, rendering the ALJ's decision final. (Tr. 1-6.) Claimant has exhausted all administrative remedies and now appeals to this Court pursuant to 42 U.S.C. § 405(g).

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits the Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richard v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The district court does not review a final decision of the Commissioner *de novo*. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). The court must uphold the decision of the Commissioner, even in instances where the reviewing court would have come to a different conclusion, so long as the Commissioner's decision is supported by substantial evidence. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)

(alteration and internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). The Court will not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212, 212 (4th Cir. 2017) (per curiam) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520. Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

"If the claimant fails to demonstrate he has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four, which is 'the most [the claimant] can still do despite [his physical and mental] limitations [that affect h[is] ability to work].'" Lewis, 858 F.3d at 861–62

(quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)). In Lewis, the Fourth Circuit explained the considerations applied before moving to step four:

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotation marks omitted); see also SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1566, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).
>
> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "*consider* all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a) (emphasis added). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. § 404.1529(c)(1).

Lewis, 858 F.3d at 862.

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform past work. Mascio, 780 F.3d at 635. If the claimant meets their burden as to past work, the ALJ proceeds to step five.

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations."

Monroe, 826 F.3d 176, 180 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429).

If the Commissioner meets this burden in step five, the claimant is deemed not disabled and the benefits application is denied. Id.

### III. ANALYSIS

Claimant identifies two assignments of error on appeal. First, the ALJ erred when he failed to explain Claimant's mild limitations in: (a) interacting with others; and (b) concentrating, persisting, or maintaining pace ("**CPP**") pursuant to Social Security Ruling ("**SSR**") 96-8p, Mascio v. Colvin, and Ashcraft v. Colvin. See 1996 WL 374184, at *7; 780 F.3d 632, 638 (4th Cir. 2015); CIV-A NO. 3:13-CV-00417-RLV-DCK, 2015 WL 9304561, at *9 (W.D.N.C. Dec. 21, 2015). Second, the ALJ erred when he failed to consider the combined effect of Claimant's severe physical impairments and non severe mental impairment in the RFC assessment pursuant to SSR 96-8p. See 1996 WL 374184, at *6. However, for the reasons discussed below, the Court disagrees and finds both assignments of error without merit.

#### A. ALJ's RFC Assessment

Claimant's first assignment of error alleges the ALJ failed to adequately discuss Claimant's paragraph B functional areas of interacting with others and CPP (hereinafter "**mental impairments**") in step four, previously recognized in step two as mental impairments. Claimant contends the ALJ committed legal error, preventing substantial evidence from supporting the decision, or in the alternative, committed harmful error for failing to discuss in detail Claimant's mental impairments in the RFC assessment. Specifically, Claimant relies on Mascio and Ashcraft and contends the ALJ's explanation "failed to discuss why the RFC did not account for the potentially 'mild' and 'minimal' limitations [Claimant's] mental impairment caused." (Doc. No. 6, p. 12.) Conversely, the Commissioner argues the ALJ explained why Claimant's mental

6

impairments failed to impact the RFC assessment and asserts this contention is supported by substantial evidence in the record.

The Fourth Circuit maintains the RFC assessment must be based on the proper regulatory framework, outlined in 20 C.F.R. §§ 404.1545, 416.945, and SSR 96-8p. Dowling v. Comm'r of SSA, 986 F.3d 377, 387 (4th Cir. 2021). This framework bases the RFC assessment in a "function by function analysis of how [a claimant's] impairments impact [his] ability to work." Id. In practice, one way an ALJ performs a function by function analysis is by discussing a claimant's medical records and referencing back to the functions attributed to Claimant in the RFC determination. Ashcraft, 2015 WL 9304561, at *7. Essentially, the ALJ must "[s]how [his] work." Patterson v. Comm'r of SSA, 846 F.3d 656, 663 (4th Cir. 2017). As part of "[s]how[ing] [his] work," SSR 96-8p requires the ALJ to "[to] include a narrative discussion describing how evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) . . . and nonmedical evidence (e.g., daily acitivites, observations)" as part of the RFC assessment. 1996 WL 374184, at *7; Patterson, 846 F.3d at 663. In sum, where a reviewing court is "left to guess about how the ALJ arrived at his conclusions on [a claimant's] ability to perform relevant functions . . . remand is necessary." Mascio, 780 F.3d at 637.

However, an ALJ's failure to conduct an explicit function by function analysis, taken alone, is not enough to require remand. Id. at 636. Alternatively, the Court is required to:

> review the ALJ's discussion of [a claimant's] medical record[s] and determine whether the medical record[s], as discussed by the ALJ, provides a sufficient basis to meaningfully review the ALJ's RFC conclusions, and ultimately deduce whether his RFC determination is supported by substantial evidence in the record.

Ashcraft, 2015 WL 9304561, at *7.

Relevantly, the Fourth Circuit requires an ALJ to "identify evidence that supports his conclusion and 'build an accurate and logical bridge from [that] evidence to his conclusion.'" Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (quoting Mascio, 780 F.3d 632, 694 (4th Cir. 2015)), superseded on other grounds as recognized in Rogers v. Kijakazi, 62 F.4th 872, 878-80 (4th Cir. 2023); see also Britt v. Saul, 860 F. App'x 256, 262 (4th Cir. 2021); Key v. Kijakazi, No. 5:23-cv-00011-MOC, 2023 WL 4904252, at *10 (W.D.N.C. July 31, 2023); Emanuele v. Kijakazi, No. 1:21-cv-00039-FDW-DSC, 2022 WL 2392873, at *3 (W.D.N.C. July 1, 2022). In doing so, the ALJ must discuss the evidence he found credible, why he found it credible, and provide a "specific application of the pertinent legal requirements to the record evidence." Monroe, 826 F.3d at 189 (quoting Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

Similarly, there is no "'categorical rule'" in the Fourth Circuit mandating the inclusion of moderate limitations in a claimant's RFC. Shinaberry v. Saul, 952 F.3d 113, 121 (4th Cir. 2020); see also Packard v. Comm'r of SSA, No. 1:22-CV-00247-FDW, 2023 WL 3994360, at *6 (W.D.N.C. June 14, 2023) (finding the ALJ was not required to include claimant's mild limitation in the RFC assessment and he adequately expressed the mild limitation by considering the inconsistency between claimant's hearing testimony and medical evidence rendering additional limitations unnecessary), aff'd No. 23-1868, 2024 WL 863656 (4th Cir. Feb. 29, 2024).

1. *Interacting With Others*

Claimant contends the ALJ's failure to discuss in detail the functional area of interacting with others in the RFC assessment violates SSR 98-6p and Fourth Circuit precedent. This error is misplaced. While the ALJ in this case may not have used an *explicit* function by function analysis, he considers substantial evidence through a narrative discussion citing objective medical examinations and screenings consistent with Fourth Circuit precedent.

8

The ALJ's analysis in this case mirrors the framework postulated in Ashcraft for when an explicit function by function analysis in the RFC assessment is not conducted. The framework in Ashcraft aligns with the federal regulations governing RFC assessments. See 20 C.F.R. §§ 404.1545, 416.945. Pursuant to those regulations, the ALJ must "*consider* all of [a claimant's] medically determinable impairments." 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2) (emphasis added). Evidence the ALJ considers in the RFC assessment includes "all the relevant medical and other evidence . . . [and] *consider*[*ation*] [of] any statements . . . provided by medical services . . . by [a claimant] . . . or other persons." 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2) (emphasis added). Only after this consideration the ALJ "*evaluate*[*s*] the intensity and persistence of [a claimant's] symptoms" to determine how those symptoms impact a claimant's ability to work. 20 C.F.R. § 404.1529(c)(1) (emphasis added). Pursuant to Ashcraft, if the ALJ's discussion of the medical records provides a "sufficient basis" for the ALJ's conclusions and grounds the RFC determination in substantial evidence, then remand is not required. 2015 WL 9304561, at *7.

Here, the ALJ *considers* the mild limitation assigned to the functional area of interacting with others in step four consistent with 20 C.F.R. §§ 404.1545, 416.945, and Fourth Circuit case law. The ALJ indicates the label of a "mild social limitation" in interacting with others in step two was based solely on Claimant's: (1) testimony of mood swings; and (2) depression diagnosis based on subjective report of symptoms despite "normal" medical screenings and examinations. (Tr. 28.) The ALJ goes on to explain, "[the] self screening of depression . . . interpreted as mild" was inconsistent with Claimant's medical history lacking ongoing treatment for depression, medication for depression, therapy for depression, or screening abnormalities in mental status, mood, cognition, behavior, thought content, speech, or affect. Further, the ALJ never evaluated the intensity or persistence of Claimant's symptoms pursuant to 20 C.F.R. § 404.1529(c)(1), for

9

interacting with others because "[C]laimant's statements . . . [were] not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. 27.); see 20 C.F.R. § 404.1529(c)(1).

Based on the ALJ's explanation, a logical bridge is created, and the Court is not "left to guess" about why the mild limitation of interacting with others was not included as a work related limitation in the RFC. See Mascio, 780 F.3d at 637. Instead, the ALJ did not include any limitation because Claimant failed to produce any objective evidence indicating an actual functional limitation. Further, the ALJ's failure to explicitly include a mild limitation remains consistent with Fourth Circuit case law. See Shinaberry, 952 F.3d at 121; Packard, 2023 WL 3994360, at *6. Therefore, Claimant's argument is without merit.

    2.    *Concentrating, Persisting, or Maintaining Pace (CPP)*

Next, Claimant assigns error to the ALJ's failure to discuss in detail the assignment of a mild limitation in the functional area of CPP in the RFC assessment. This error is misplaced. Again, here, the ALJ's failure to perform an explicit function by function analysis for the functional area of CPP does not mandate remand because the ALJ considered substantial evidence that supports his conclusion.

As explained above, Ashcraft does not require a function by function analysis, so long as the ALJ's discussion provides a sufficient basis for explanation. 2015 WL 9304561, at *7. Here, the ALJ specifically considered Claimant's medical records, including both objective medical records and subjective symptom reports, Claimant's self-reported daily activities, and Claimant's hearing testimony. While the ALJ's discussion fails to explicitly indicate whether Claimant's mild limitation in Claimant's CPP bore any limitation on the RFC, it is clear from the ALJ's discussion the mild limitation in Claimant's CPP in step two became unsubstantiated in step four as the ALJ

10

further examined Claimant's medical records and self-reported daily activities. Regarding Claimant's CPP, the ALJ relies on two psychiatric review technique assessments performed by Disability Determination Services ("**DDS**") psychological consultants. The DDS consultants rendered Claimant's mental impairment as non severe because it only produced mild limitations in Claimant's CPP. (Tr. 28.) The ALJ discussed the DDS opinions and indicated he found them persuasive because the opinions were corroborated by the record, each indicating a lack of formal mental health treatment of psychological limitations on examination. See Radford, 734 F.3d at 295.

The ALJ continues his consideration of Claimant's CPP citing Claimant's hearing testimony. In Claimant's hearing testimony, he indicates his heart medication, when taken all at once, causes mood swings and an inability to focus. However, the ALJ notes the record: (1) lacked evidence indicating those medicines do indeed cause those side effects; and (2) contradicted Claimant's own report of daily activities of caring for his mother with dementia and providing transportation for his aunt. (Tr. 29.) Further, the ALJ never evaluated the intensity or persistence of Claimant's symptoms for CPP because "[C]laimant's statements . . . [were] not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. 27); see 20 C.F.R. § 404.1529(c)(1).

Based on the foregoing explanation by the ALJ, a logical bridge is created, and the Court is not "left to guess" about why the mild limitation of CPP failed to result in an actual functional limitation for Claimant. See Mascio, 780 F.3d at 637. Rather, it is clear based on the ALJ's discussion that Claimant had no actual functional limitation in CPP because the record was destitute of evidence in the form of objective medical assessments or examinations and contained contradicting information from Claimant about daily activities failing to indicate an actual

functional limitation. The ALJ's consideration of the evidence is consistent with Fourth Circuit case law as it includes a narrative discussion, or in the alternative, a discussion of the medical records consistent with the Ashcraft framework. The ALJ's analysis permits the Court to conclude the ALJ's decision is grounded in substantial evidence. In addition, the ALJ's consideration aligns with both Shinaberry and Packard finding no requirement to include an explicit invocation of a mild limitation in the RFC assessment. See Shinaberry, 952 F.3d at 121; Packard, 2023 WL 3994360, at *6.

Therefore, even if the ALJ did not use an explicit function by function analysis, remand is not required. Remand is not required because the ALJ's consideration and discussion of Claimant's medical records, DDS consultants, daily activities, and hearing testimony regarding the mental impairments provides a sufficient basis for the Court to review the ALJ's conclusions and conclude his decision is grounded in substantial evidence. See Ashcraft, 2015 WL 9304561, at *5; see generally Johnson, 434 F.3d at 653. The Court is persuaded Claimant's argument is without merit.

B. **ALJ's Combined Effect Consideration**

Claimant's second assignment of error contends the ALJ failed to account for the combined effect of Claimant's non severe mental impairments and severe vphysical impairments pursuant to SSR 98-6p and this prevented substantial evidence from supporting the ALJ's decision. Claimant cites SSR 96-8p indicating, "[the ALJ] must consider all of [a claimant's] impairments, even those that are not severe [i.e., non severe]." 1996 WL 374184, at *5. Claimant references back to his contention regarding the lack of detailed discussion in the RFC analysis, specifically, as it relates here, "how" the ALJ considered the combined effect. (Doc. No. 6, pp. 23, 24.) Conversely, the Commissioner contends the ALJ could not have ignored Claimant's non severe mental impairments as the discussion of Claimant's hearing testimony, DDS consultants' opinions,

12

medical screenings and records, and daily activities indicate the ALJ's combined effect consideration. The Court is not persuaded the ALJ erred in his consideration of the combined effect of Claimant's severe and non severe impairments as the ALJ's decision includes an adequate analysis of Claimant's non severe mental impairments.

Congress requires consideration of the "combined effect of [a claimant's] impairments" whether severe or non severe. 42 U.S.C. § 423(d)(2)(c) (1982 and Supp.1988); see generally Hines v. Bowen, 872 F.2d 56, 59 (4th Cir. 1989) (per curiam). Pursuant to this requirement, the Fourth Circuit requires the ALJ to provide an "adequate[ ] [explanation]" of his evaluation of the combined effect. Reichenbach v. Heckler, 808 F.2d 309, 312 (4th Cir. 1985). An ALJ provides an "adequate[ ] [explanation]" when he "analyze[s] the cumulative effect the impairments had *on the claimant's ability to work*." Walker, 889 F.2d at 49 (emphasis added); see also Caulkins v. Kijakazi, No. 20-1060, 2022 WL 1768856, at *4 (4th Cir. June 1, 2022) (finding the ALJ provided "adequate[ ] [explanation]" of the combined effect of claimant's three non severe mental impairments based on the ALJ's consideration of claimant's treatment for mental impairments, daily activities, and the non severity of the mental impairments (citing Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989)).

In this case, the ALJ found Claimant had non severe mental impairments in two of the four paragraph B functional areas and the following severe physical impairments: right shoulder tendon tears, hypertension, coronary artery disease/status post stenting, and iron deficiency anemia. (Tr. 19.) The Court has already determined the ALJ's consideration of Claimant's mental impairments in the RFC assessment supports a finding of no actual functional limitation in those areas on Claimant's ability to work. This conclusion is supported by the ALJ's discussion of Claimant's

13

hearing testimony, medical records, and daily activities; and DDS consultants' opinions. Similarly, the ALJ's consideration of Claimant's severe physical impairments rested on the same evidence.

Therefore, because the ALJ concluded the non severe mental impairments had no actual functional limitation on Claimant's ability to work and such is grounded in substantial evidence, the ALJ's analysis of the cumulative effect of the severe and non severe impairments failed to necessitate an additional consideration beyond the consideration therein of Claimant's RFC. The Court is persuaded Claimant's argument is without merit. Therefore, the final decision of the Commissioner is affirmed.

## IV. CONCLUSION

Based on the foregoing reasons, the Court finds the ALJ's decision was based on substantial evidence and applied the correct legal standards. For the reasons set forth, Claimant's Brief in Support of his Social Security Appeal (Doc. No. 6) is **DENIED**. Accordingly, the Commissioner's decision is **AFFIRMED**.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is **AFFIRMED**, and the case is hereby **DISMISSED**. The Clerk is respectfully directed to close this case.

**IT IS SO ORDERED.**

Signed: July 18, 2024

_____
Frank D. Whitney
United States District Judge